IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARVEY LEROY SOSSAMON, III, § <br> (TDCJ-CID #1120297) § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> BRYAN COLLIER, et al., § <br> § <br> Defendants. § | CIVIL ACTION H-19-2888 |

**MEMORANDUM ON DISMISSAL**

Harvey Leroy Sossamon, III, a Texas Department of Criminal Justice inmate, sued in August 2019, alleging civil rights violations resulting from a denial of adequate medical care. Sossamon seeks leave to proceed in forma pauperis. Sossamon, proceeding pro se, sues Bryan Collier, Executive Director of the Texas Department of Criminal Justice, and Lorie Davis, Director of the TDCJ-CID.

The threshold issue is whether Sossamon's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The Court concludes that Sossamon's claims are barred and should be dismissed for the reasons stated below.

**I.    Sossamon's Allegations**

Sossamon asserts that on November 6, 2018, he was improperly transferred from the Robertson Unit to the Estelle Unit. Sossamon states that physicians at the Hendricks Medical Center in Abilene, Texas were treating his heart condition, congestive heart failure, and monitoring his

pacemaker. Sossamon states that on June 27, July 4, and July 20, 2019, he had chest pains, and medical personnel performed an EKG and prescribed Nitroglycerin tablets. Sossamon asserts that prison officials were deliberately indifferent to his serious health conditions by placing him in administrative segregation and denying him proper medical examinations by a physician.

Sossamon seeks unspecified emergency injunctive relief and punitive damages.

## II.  Analysis

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Sossamon's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least three suits dismissed as frivolous. *Sossamon v. Leal,* 1:09-0058 (dismissed as frivolous on August 30, 2011)(N.D. Tex.); *Sossamon v. Livingston,* 1:08-CA-465-SS (dismissed as frivolous on November 24, 2008)(W.D. Tex.); and *Sossamon v. Cook,* 1:05-CV-221-BI (dismissed as frivolous on March 28, 2007)(N.D. Tex.).

In the present case, Sossamon alleges that he is in imminent danger of serious physical injury due to the denial of adequate medical care for his heart condition. Sossamon's allegations reflect that: (1) TDCJ officials have been providing medical care for him through the prescription of medications for his heart condition and other medical issues; and (2) he has been examined and treated at the Hendricks Medical Center in Abilene and the unit infirmary for his medical issues. Records attached to his complaint show that prison medical personnel examined Sossamon on at least three occasions at his cell. (Docket Entry No. 1, pp. 11, 13, 15). Medical personnel further

2

advised Sossamon that he would be scheduled for an appointment to replace the battery in his pacemaker. (*Id.* at 17). His allegations as a whole reflect his disagreement with the medical care being afforded him. Such disagreement, however, is insufficient to show that he is in imminent danger for purposes of § 1915(g). *Sossamon v. Gregory*, 735 F. App'x 158, 159 (5th Cir. 2018). *See also Edmond v. Tex. Dep't of Corrs.*, No. 97-10819, 161 F.3d 8, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (per curiam) (Allegations about the quality of medical care are insufficient to meet the threshold requirement of imminent danger of physical injury).

Sossamon has failed to show that he should be allowed to proceed IFP under § 1915(g) or that his complaint presents a nonfrivolous issue. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Sossamon has previously argued that he was in imminent danger of serious physical injury, yet the United States Court of Appeals for the Fifth Circuit rejected it, stating:

> Sossamon argues that the exception to the § 1915(g) bar should apply because he is under imminent danger of a serious physical injury. In support of this contention, he complains that he suffers from congestive heart failure, hypertension, diabetes, and stage-3 kidney disease and that, on December 6, 2017, he was not provided with a wheelchair-equipped van for transport to an outside medical appointment to have his pacemaker monitored. Requiring him to use a regular prison van, he believes, will put him at risk of serious physical injury or death.
>
> Prison records filed by Sossamon reflect that his medical-transportation restrictions expired prior to the date of his medical appointment. Sossamon's disagreement with his medical care is not sufficient to show that he is in imminent danger for purposes of § 1915(g).

*Sossamon v. Gregory*, 735 F. App'x 158, 159 (5th Cir. 2018).

Accordingly, Sossamon is barred under 28 U.S.C. § 1915(g) from proceeding in forma

pauperis in this action.

**III. Conclusion**

Sossamon's motion to proceed as a pauper, (Docket Entry No. 2), is DENIED. The complaint filed by Harvey Leroy Sossamon, III, (TDCJ-CID #1120297), is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Sossamon is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on AUG 1 5 2019.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.